**IT IS SO ORDERED.**

**Dated:  31 October, 2011 12:23 PM**



JESSICA E. PRICE SMITH
UNITED STATES BANKRUPTCY JUDGE

# United States Bankruptcy Court
## NORTHERN DISTRICT OF OHIO

In re:  William Newberry ) Chapter 13 Case No.  11-14136-P
Laura Newberry ) Hon.  Jessica E. Price Smith
Debtors )

### CONFIRMATION ORDER

The Chapter 13 plan in this case came on for confirmation at a hearing before the Court.  **A copy of such Plan, together with any applicable amendments or modifications (the "Plan"), is attached to this Order.**  Based upon the papers filed in this case, information presented by the Standing Chapter 13 Trustee (the "Trustee") and such other matters, if any, presented by the debtor (or the debtors in a joint case) (the "Debtor"), Debtor's counsel, any objector or any other interested party, the Court finds that:

1. Notice of the confirmation hearing was duly given.
2. The Plan complies with applicable requirements of sections 1322 and 1325 of the Bankruptcy Code.

IT IS THEREFORE ORDERED THAT:

1. The Plan is confirmed.
2. The Debtors shall, until further order of the Court, make the periodic payments called for in the Plan to the Trustee.  Except as otherwise permitted, such payments shall be made pursuant to order of the Court on the Debtors' employer.
3. Secured creditors shall retain their liens.  If this case is either dismissed or converted to a Chapter 7 case, the property vesting in the Debtors by reason of this confirmation order shall remain subject to the liens existing at the time of the filing of the case subject to adjustments in respect of amounts paid under the Plan.
4. The Debtors shall not incur additional debt exceeding $500 in the aggregate without notice to the Trustee and the approval of the Court.
5. The Debtors shall not transfer any interest in real property without the Court's approval.
6. The attorney for the Debtors is allowed a total fee of $3,000.00, of which $800.00 has been paid.  The balance of $2,200.00 shall be paid by the Trustee from the monies received under the Debtors' Plan at the rate of one-twelfth of the balance due per month during the first year of the Plan.
7. The administrative expenses of the Trustee shall be paid in full pursuant to sections 503(b) and 1326(b)(2) of the Bankruptcy Code and 28 U.S.C. § 586(e)(1)(B).

By submitting this form, the Chapter 13 Trustee certifies that the wording of this form is identical in all respects to the official form.

Submitted by:
/S/ Craig Shopneck
CRAIG SHOPNECK (#0009552)
Chapter 13 Trustee
200 Public Square, BP Tower Suite 3860
Cleveland OH 44114-2321
Phone (216) 621-4268            Fax (216) 621-4806
Ch13shopneck@ch13cleve.com

## SERVICE LIST

Craig Shopneck, Chapter 13 Trustee

Office of the U.S. Trustee (served via ECF)

Robert J Berk, Attorney for Debtors (served via ECF)

Laura & William Newberry, Debtors
62 Southwick Drive
Bedford OH 44146

CS/bas
10/27/11

###

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

IN RE: )
                        )    CHAPTER 13
WILLIAM NEWBERRY       )    CASE NO. 11-14136
LAURA NEWBERRY        )    JUDGE PRICE SMITH
    Debtor(s)             )    **AMENDED**
                        )    **MOTION TO MODIFY**
                        )    **CHAPTER 13 PLAN**

Now comes the Debtor(s) by and through Counsel, Robert J. Berk and moves the Court

for an Order Confirming the attached Amended Plan. The attached Amended Plan has been

modified in order to conform to the Trustee's Objection.

1. Under Article 7, Unsecured claims shall receive a pro-rata share of $2,294.00 or 7%,

whichever is greater.

2. Under Article 3A, the address has been corrected to read 62 Southwick, Bedford, Ohio.

All other provisions of the Chapter 13 Plan, to the extent that such does not conflict with

this modification shall remain in effect.

                                /S/ROBERT J. BERK
                                Robert J. Berk - 0001031
                                Attorney for Debtor(s)
                                75 Public Square, Suite 1425
                                Cleveland, Ohio 44113
                                (216) 241-3880

## S E R V I C E

Pursuant to LBR 9013-1(a) the undersigned certifies that a copy of the foregoing Motion was sent by electronic mail this 12th day of September, 2011 to Craig Shopneck, Chapter 13Trustee and by regular and/or electronic mail to all creditors listed in Debtor's Voluntary Petition, as shown in the attached list.

/S/ROBERT J. BERK
Robert J. Berk
Attorney for Debtor(s)
75 Public Square, Suite 1425
Cleveland, Ohio 44113
(216) 241-3880


## NOTICE OF HEARING

All will take notice that a hearing upon this Motion will take place the 22nd day of September, 2011 at 9:00 a.m. in Judge Price's Courtroom in the United States Bankruptcy Court, Key Center, 127 Public Square, Cleveland, Ohio 44114.

/S/ROBERT J. BERK
Robert J. Berk
Attorney for Debtor(s)

| | | |
|---|---|---|
| In Re: | ) | Chapter 13 Case No.: 11-14136 |
| | ) | |
| WILLIAM NEWBERRY | ) | |
| LAURA NEWBERRY | ) | **Judge**   PRICE   SMITH |
| Debtor(s). | ) | **Original Chapter 13 Plan** |
| | ) | **Modified Chapter 13 Plan, dated 9/12/11** |

**************************************************************************************

**NOTICE: (Check One)**

This plan **DOES NOT** include any provision deviating from the uniform plan in effect at the time of the filing of this case.

X    This plan **DOES** contain special provisions that must be and are set forth in paragraph 11 below.

**YOUR RIGHTS WILL BE AFFECTED.**  You should read this plan carefully and discuss it with your attorney. Anyone who wishes to oppose any provision of this plan must file with the court a timely written objection.  This plan may be confirmed and become binding without further notice or hearing unless a timely written objection is filed.  **Creditors must file a proof of claim with the court in order to receive distributions under this plan.**

_____

**1.   PAYMENTS**

**A.**   Within 30 days of the filing of this bankruptcy case, the Debtor or Debtors ("Debtor") shall commence making payments to the Chapter 13 Trustee (the "Trustee") in the amount of $535.00  per month (the "Plan Payment").

**B.**   The Plan Payment shall include sufficient funds to cover conduit payments and pre-confirmation adequate protection payments paid by the Trustee.  Trustee may increase the Plan Payment during the term of the plan as necessary to reflect increases, if any, in any Conduit Payments paid by the Trustee.

**2.   DISTRIBUTIONS**

**A.**   After confirmation of this plan, funds available for distribution will be paid monthly by the Trustee in the following order: (i) Trustee's authorized percentage fee and/or administrative expenses; (ii) attorney fees as allowed under applicable rules and guidelines; (iii) conduit payments as provided for in paragraph 3(C); (iv) monthly payments as provided for in paragraphs 3(A), 3(B), 4(A), 4(B) and 9; (v) priority domestic support obligation claims pursuant to 11 U.S.C. §507(a)(1); (vi) other priority unsecured claims pursuant to 11 U.S.C. §507(a); and (vii) general unsecured claims.

**B.**   If the Trustee has received insufficient funds from the Debtor to make the conduit payment, the Trustee may accumulate funds until sufficient funds are available for distribution of a full monthly payment.  If the Trustee has received insufficient funds from the Debtor to make the fixed monthly payment to secured creditors in subsection A (iv) of this paragraph, the Trustee may pay these secured creditor claims on a pro-rata basis.

**C.**   Unless a claim objection is sustained, a motion to value collateral or to avoid a lien is granted, or the court otherwise orders, distributions on account of claims in paragraphs 3(A), 3(C), 4(A), 5, 6, 7 and 9 will be based upon the classification and amount stated in each claim holder's proof of claim rather than any classification or amount stated in this plan.

### 3. CLAIMS SECURED BY REAL PROPERTY

**A. Mortgage Arrearages and Real Estate Tax Arrearages**

Trustee shall pay the monthly payment amount to allowed claims for mortgage arrearages and real estate tax arrearages.   Note: If the Trustee will not be making the continuing mortgage payments, the Debtor is responsible for paying all post-petition mortgage payments that ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Address | Estimated Arrearage Claim | Monthly Payment on Arrearage Claim (Paid by Trustee) |
|---|---|---|---|
| **CITIMORTGAGE** | **62 SOUTHWICK BEDFORD, OHIO** | **CURRENT PAYMENTS** | |
| **CHARTER ONE** | **SAME** | **SEE ARTICLE 11** | |

**B. Other Real Estate Claims**

Trustee shall pay the monthly payment amount to creditors up to the amount specified below to be paid through the plan.  The portion of any allowed claim that exceeds the amount to be paid through the plan shall be treated as an unsecured claim.

| Creditor | Property Address | Amount to be Paid Through the Plan | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| **NONE** | | | | |

**C. Conduit Payments**

Trustee shall pay the regular monthly mortgage payments beginning with the first payment due after the filing of the case, subject to changes due to escrow, interest and other adjustments.  Note: If the Trustee is making the continuing monthly mortgage payments, the mortgage creditor must also be listed in paragraph 3(A) above.  Unless real estate taxes and insurance are included in the mortgage payments to be paid by the Trustee pursuant to the Plan, the Debtor shall remain responsible for paying those obligations as they become due.

| Creditor | Property Address | Monthly Payment (Paid by Trustee) | For each mortgage listed, indicate with a "yes" or "no" if the mortgage payment includes: Property Insurance | Real Estate Taxes |
|---|---|---|---|---|
| NONE | | | | |

### 4. CLAIMS SECURED BY PERSONAL PROPERTY

**A. Secured Claims to be Paid in Full Through the Plan:**

Trustee shall pay the following claims in full and in equal monthly payments.

| Creditor | Collateral Description | Estimated Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|

NONE

**B. Secured Claims NOT to be Paid in Full Through the Plan:**
Claims specified below are debts secured by personal property not provided for in paragraph 4(A) above. Trustee shall pay the allowed claims the secured amount with interest and in equal monthly payments as specified below. The portion of any allowed claim that exceeds the secured amount will be treated as an unsecured claim. Upon confirmation, the secured amount and interest rate specified below, or as modified, will be binding under 11 U.S.C. §1327 unless a timely written objection to confirmation is filed and sustained by the court.

| Creditor | Collateral Description | Secured Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| **FORD MOTOR CREDIT** | **2006 FORD FOCUS** | **$4,500.00** | **5%** | **$89.92** |
| **MAZDA CREDIT** | **2008 MAZCA** | **$6,000.00** | **5%** | **$113.23** |

**C. Pre-confirmation Adequate Protection Payments:**
Trustee shall pay the monthly payment amount to creditors for pre-confirmation adequate protection as specified below.

| Creditor | Collateral Description | Monthly Payment (Paid by Trustee) |
|---|---|---|
| FORD MOTOR CREDIT | 2006 FORD FOCUS | $50.00 |
| MAZDA CREDIT | 2008 MAZDA | $50.00 |

**5. DOMESTIC SUPPORT OBLIGATIONS**
Debtor   X does   does not   have domestic support obligations under 11 U.S.C. §101(14A).

**A.** Trustee shall pay under 11 U.S.C. §507(a)(1) on a pro-rata basis the allowed arrearage claims for domestic support obligations. Debtor shall pay all post-petition domestic support obligations as those payments ordinarily come due.

| Creditor Name | Creditor Address | Estimated Arrearage Claim |
|---|---|---|
| CESA | 1640 SUPERIOR AVE. CLEVELAND, OHIO 44114 | $8,000.00 |
| KAY KINDICE | 8356 SUMMIT DR. CHAGRIN FALLS, OH 44023 | CURRENT PAYMENTS PAID OUTSIDE OF PLAN |

**B.** Specify the holder(s) of any claims for domestic support obligations under 11 U.S.C. §1302(d) if different than the creditor(s) shown in paragraph 5(A) above. If the holder of a claim is a minor, the name and address of the minor holder shall be disclosed to the Trustee contemporaneously with the filing of this plan in compliance with 11 U.S.C. §112.

| Holder Name | Address & Telephone |
|---|---|

**6. OTHER PRIORITY CLAIMS**

Trustee shall pay under 11 U.S.C. §507(a) on a pro-rata basis other allowed unsecured priority claims.

| Creditor | Estimated Claim Amount |
|---|---|
| IRS | $3,900.00 |
| STATE OF OHIO | $150.00 |
| CITY OF BEDFORD | $1,700.00 |

**7. GENERAL UNSECURED CLAIMS**

Debtor estimates the total of the non-priority unsecured debt to be $32,772.00 . Trustee will pay to creditors with allowed non-priority unsecured claims a pro-rata share of $2,294.00 or -7- %, whichever is greater. (UNSECURED CLAIM AMOUNT INCLUDES THE DEBT OWED TO CHARTER ONE UNDER ARTICLE 3A, WHICH IS BEING TREATED AS UNSECURED.)

**8. PROPERTY TO BE SURRENDERED**

Debtor surrenders the following property no later than 30 days from the filing of the case unless specified otherwise in the plan. The creditor may file a claim for the deficiency and will be treated as a non-priority unsecured creditor. Any unsecured deficiency claim must be filed by the bar date for claims or allowed by separate order of the court.

| Creditor | Property Description |
|---|---|
| NONE | |

**9. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

All executory contracts and unexpired leases are rejected except the following, which are assumed. Trustee shall pay the monthly payment amount to allowed claims for executory contract arrearages and unexpired lease arrearages. Debtor shall pay all post-petition payments that ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Description | Estimated Arrearage Claim | Monthly Payment (Paid by Trustee) |
|---|---|---|---|
| NONE | | | |

## 10. OTHER PLAN PROVISIONS

(a) Property of the estate shall revest in the Debtor   upon confirmation.      *****upon discharge, dismissal or completion.    If the Debtor has not marked one of the boxes, property of the estate shall revest in the Debtor upon confirmation.   If the Debtor has elected to have property of the estate revest in the Debtor upon discharge or dismissal, the Debtor must maintain adequate insurance of all property in the estate.  Unless otherwise ordered, the Debtor shall remain in possession of all property of the estate during the pendency of this case.

(b)  The treatment of the claims of creditors as set forth in this plan shall become absolute upon confirmation, under 11 U.S.C. §1327.  Therefore, if a creditor or contract party named herein objects to this plan, including the valuation of security, interest to be paid, and the treatment of executory contracts and unexpired leases, a formal objection to confirmation must be timely filed with the court.

(c)  This plan incorporates 11 U.S.C. §1325(a)(5)(B)(i) with respect to each allowed secured claim provided for by this plan.

(d)  Notwithstanding the automatic stay, creditors and lessors provided for in paragraphs 3(A), 3(C), and 9 of this plan may continue to mail customary notices or coupons to the Debtor.

## 11. SPECIAL PROVISIONS

This plan shall include the provisions set forth in the boxed area below.  **Note: The provisions set forth below will not be effective unless there is a check in the second *notice box* preceding paragraph 1.**  Further, these provisions should not contain a restatement of the Bankruptcy Code, Federal Rules of Bankruptcy Procedures, Local Bankruptcy Rules or case law.

Second Mortgage that is held by Charter One is wholly unsecured, with no provision being made for arrearage payment under Article 3A and a Motion to Void this mortgage shall be filed.  Charter One  shall only be allowed to file an UNSECURED CLAIM for the amount owed and shall be paid in accordance with the provisions of Article 7.

/S/WILLIAM NEWBERRY _____           /S/LAURA NEWBERRY _____

Date: 9/12/11                          /S/ROBERT J. BERK _____
                                       ATTORNEY FOR DEBTOR

Effective: August 10, 2009

Attorney General
U.S. Department of Justice
Attention: Tax Division
Washington, DC 20530

Bank of America
PO Box 15026
Wilmington, DE 19850

Bank of America
PO Box 15019
Wilmington, DE 19886

Capital One
PO Box 60599
City of Industry, CA 91716

Capital One
PO Box 60599
City of Industry, CA 91716

CESA
1640 Superior Avenue East
Cleveland, OH 44114

Charter One
1 Citizens Dr.
Riverside, RI 02915

Charter One Bank
1 Citizens Dr.
Riverside, RI 02915

Chase Bank
PO Box 15153
Wilmington, DE 19886

Citimortgage
PO Box 9438
Dept. 0251
Gaithersburg, MD 20898

City of Bedford
Tax Department
165 Center Road
Bedford, OH 44146

Ford Motor Credit
PO Box 220564
Pittsburgh, PA 15257

GE Money Bank
PO Box 960061
Orlando, FL 32896

INTERNAL REVENUE SERVICE
PO Box 99183
Cleveland, OH 44199

Kay Kindice
8356 Summit Dr.
Chagrin Falls, OH 44023

Mazda American Credit
Department #193901
PO Box 55000
Detroit, MI 48255

State of Ohio
Department of Taxation
P.O. Box 1090
Columbus, OH 43266

TJX Rewards
Cardmember Service
PO Box 94014
Palatine, IL 60094

United States Attorney's Office
Carl B. Stokes U.S. Court House
801 West Superior Ave.
Suite 400
Cleveland, OH 44113-1830

Verizon
PO Box 283450
Lewisville, TX 75029